Charles H. Githler, J.
Defendant was arrested upon the charge of leaving his car standing unattended upon a public street without first turning off his engine, locking the ignition and removing the keys, in violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law (L. 1957, ch. 698). Upon *608 his arraignment before the court the facts were admitted and the only question raised was as to the constitutionality of the law. The statute reads as follows: “ § 1210. Unattended motor vehicle, (a) No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway. ’ ’
Violation of the section constitutes a traffic infraction and a conviction thereunder provides for imposition of penalties of a criminal nature, namely fine, jail, or both. (Vehicle and Traffic Law, § 1800.)
This is a new section effective last July 1. It imposes a completely new set of rules and regulations in relation to parking a car. The purpose of the statute is not stated. The most apparent objective, or intended effect, of the provisions at issue is to curtail the theft of vehicles both by removing a temptation, and by making the theft more difficult. The other portions of the section, requiring brakes to be set and wheels turned toward the curb on a hill, doubtless were intended as safety measures, and since they reasonably contribute to that end, they are presumably valid and are not challenged in this case. But the provisions in relation to the ignition and the key, however, are too remote as safety devices. They relate only to starting the car and not to its manner of operation, and purport to protect the owner from the possible unlawful act of another.
It is the court’s opinion that if an individual wants to be careless with his property — for example, wants to leave his house unlocked at night or his pocketbook in the middle of the street — it is his legal right to do so. The fact that such an act may unwittingly invite or cause another to commit a crime is not sufficient grounds to make the first individual guilty of a crime, or to subject him to criminal penalties, as would be the case here. The guarantees of personal freedom under the Constitution must certainly afford protection from this type of governmental regulation of our daily lives.
It has been argued that since an operator’s license is a privilege and not a right, then the State can make compliance with this law a condition for the retention of the license. That is probably true. However, that result could be accomplished by a hearing before a representative of the Bureau of Motor Vehicles, who could take appropriate action upon the license, if a violation is found. Such a procedure would eliminate the problem of criminality.
*609 In view of the foregoing, the court holds that the particular parts of this section of the law upon which this arrest was made are invalid because unconstitutional, and the charge against the defendant is therefore dismissed.